Citation Nr: 1111574 
Decision Date: 03/23/11 Archive Date: 04/05/11

DOCKET NO. 09-24 949 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Pittsburgh, Pennsylvania


THE ISSUE

Entitlement to service connection for sleep apnea.


ATTORNEY FOR THE BOARD

K. R. Fletcher, Counsel


INTRODUCTION

The appellant is a veteran who served on active duty from October 1966 to May 1969.

This matter is before the Board of Veterans' Appeals (Board) on appeal from a July 2008 rating decision by the Cleveland, Ohio, Regional Office (RO) of the Department of Veterans Affairs (VA). The case was subsequently transferred to the RO in Pittsburgh, Pennsylvania.

FINDING OF FACT

Sleep apnea was not present in service and is not etiologically related to service or service-connected disability.


CONCLUSION OF LAW

Sleep apnea was not incurred in or aggravated by active military service and is not proximately due to or the result of service-connected disability. 38 U.S.C.A. § 1110 (West 2002); 38 C.F.R. §§ 3.303, 3.310 (2010).


REASONS AND BASES FOR FINDING AND CONCLUSION

Veterans Claims Assistance Act of 2000 (VCAA)

The VCAA, codified in pertinent part at 38 U.S.C.A. §§ 5103, 5103A (West 2002 & Supp. 2010), and the pertinent implementing regulation, codified at 38 C.F.R. § 3.159 (2010), provide that VA will assist a claimant in obtaining evidence necessary to substantiate a claim but is not required to provide assistance to a claimant if there is no reasonable possibility that such assistance would aid in substantiating the claim. They also require VA to notify the claimant and the claimant's representative, if any, of any information, and any medical or lay evidence, not previously provided to the Secretary that is necessary to substantiate the claim. As part of the notice, VA is to specifically inform the claimant and the claimant's representative, if any, of which portion, if any, of the evidence is to be provided by the claimant and which part, if any, VA will attempt to obtain on behalf of the claimant. Although the regulation previously required VA to request that the claimant provide any evidence in the claimant's possession that pertains to the claim, the regulation has been amended to eliminate that requirement for claims pending before VA on or after May 30, 2008.

The Board also notes that the United States Court of Appeals for Veterans Claims (Court) has held that the plain language of 38 U.S.C.A. § 5103(a) requires that notice to a claimant pursuant to the VCAA be provided "at the time" that, or "immediately after," VA receives a complete or substantially complete application for VA-administered benefits. Pelegrini v. Principi, 18 Vet. App. 112, 119 (2004).

The timing requirement enunciated in Pelegrini applies equally to the initial-disability-rating and effective-date elements of a service-connection claim. Dingess v. Nicholson, 19 Vet. App. 473 (2006).

The record reflects that the Veteran was provided all required notice in a letter mailed in June 2007, prior to the initial adjudication of the claim.

Regarding VA's duty to assist, all appropriate development to obtain the Veteran's pertinent medical records has been completed. The Veteran's available service treatment records (STRs) are associated with his claims files. Pertinent post-service treatment records have been associated with the claims files. The Veteran has not identified any outstanding, available evidence, to include medical records, which could be obtained to substantiate the claim. The Board is also unaware of any such evidence. 

The Board acknowledges that the Veteran has not been afforded a VA examination and that no VA medical opinion has been obtained in response to the Veteran's claim. In this regard the Board notes that VA must provide a medical examination or obtain a medical opinion when there is (1) competent evidence of a current disability or persistent or recurrent symptoms of a disability, (2) evidence establishing that an event, injury, or disease occurred in service, or establishing that certain diseases manifested during an applicable presumptive period for which the claimant qualifies, and (3) an indication that the disability or persistent or recurrent symptoms of a disability may be associated with the veteran's service or with another service-connected disability, but (4) there is insufficient competent medical evidence on file for the Secretary to make a decision on the claim. McLendon v. Nicholson, 20 Vet. App. 79 (2006); see also 38 U.S.C.A. § 5103A(d)(2), 38 C.F.R. § 3.159(c)(4)(i). The third prong, which requires that the evidence of record "indicate" that the claimed disability or symptoms "may be" associated with the established event, is a low threshold. McLendon, 20 Vet. App. at 83.

In this case, there is no competent evidence of sleep apnea in service or until many years thereafter. In addition, there is no competent evidence suggesting that the sleep apnea might be related to the Veteran's active service or to service-connected disability. Therefore, VA has no duty to provide an examination or obtain a medical opinion in response to this claim.

Accordingly, the Board is satisfied that VA has complied with its duties to notify and assist the Veteran.

Law and Regulations

Service connection is granted for disability resulting from disease or injury incurred in or aggravated by active duty. 38 U.S.C.A. § 1110; 38 C.F.R. § 3.303.

Service connection may be granted for any disease diagnosed after discharge, when all the evidence, including that pertinent to service, establishes that the disability was incurred in service. 38 C.F.R. § 3.303(d).

A disability which is proximately due to or the result of a service-connected disease or injury shall be service connected. 38 C.F.R. § 3.310(a) 

Except as otherwise provided by law, a claimant has the responsibility to present and support a claim for benefits under laws administered by the Secretary. The Secretary shall consider all information and lay and medical evidence of record in a case before the Secretary with respect to benefits under laws administered by the Secretary. When there is an approximate balance of positive and negative evidence regarding any issue material to the determination of a matter, the Secretary shall give the benefit of the doubt to the claimant. 38 U.S.C.A. § 5107; see also Gilbert v. Derwinski, 1 Vet. App. 49, 53 (1990). To deny a claim on its merits, the evidence must preponderate against the claim. Alemany v. Brown, 9 Vet. App. 518, 519 (1996), citing Gilbert, 1 Vet. App. at 54.

Factual Background and Analysis

Initially, the Board notes that it has reviewed all of the evidence in the Veteran's claims files, with an emphasis on the evidence relevant to this appeal. Although the Board has an obligation to provide reasons and bases supporting its decision, there is no need to discuss, in detail, every piece of evidence of record. Gonzales v. West, 218 F.3d 1378, 1380-81 (Fed. Cir. 2000) (holding that VA must review the entire record, but does not have to discuss each piece of evidence). Hence, the Board will summarize the relevant evidence where appropriate and the Board's analysis below will focus specifically on what the evidence shows, or fails to show, as to the claim.

The Veteran's STRs, including a May 1969 separation examination report, are negative for any complaints or findings related to sleep apnea.

Post-service, private treatment records from A.L., M.D. dated from 1994 to 2008 note the Veteran's ongoing treatment for sleep apnea, first diagnosed in June 1994. In a September 2004 letter, Dr. DF opined that because the Veteran also had diagnoses of hypertension, ischemic heart disease and diabetes, it was "essential from a medical perspective . . . that [sleep apnea] is treated with CPAP therapy."

In May 2007, the Veteran submitted a claim seeking service connection for sleep apnea. In a July 2007 statement, he maintained, "I am not saying that the condition happened whilst I was in the military." In an August 2008 Notice of Disagreement the Veteran essentially stated that while his sleep apnea was not related to his service, there was "sufficient medical evidence to suggest that if it were not treated, then it would be detrimental to" his service-connected disabilities, particularly his heart disease.

The medical evidence of record shows that sleep apnea has been diagnosed. However, as noted above, the Veteran's STRs are silent for any diagnosis of sleep apnea. The first medical evidence of such disability is more than 25 years after service. Such a long interval of time between service separation and the earliest documentation of the disease is, of itself, a factor weighing against a finding of service connection. See Maxson v. Gober, 230 F.3d 1330 (Fed. Cir. 2000). The evidence of record does not include any medical opinion that the Veteran's current sleep apnea is (or might be) related to his active service or to service-connected disability. Therefore, the Board must conclude that the preponderance of the evidence is against the claim.

In reaching this decision, the Board has considered the Veteran's argument but notes that the law and regulations do not authorize compensation for a disability on the basis that it aggravates a service-connected disability. It does appear from the Veteran's contentions that his main concern relates to receiving VA treatment for his sleep apnea. VA does authorize treatment for non service-connected disability that aggravate a service-connected disability. See 38 C.F.R. § 17.92 (2010). The Board's decision herein does not negate the Veteran's abililty to receive such care for sleep apnea.

The Board has duly considered the benefit of the doubt doctrine. 38 U.S.C.A. § 5107; see also Gilbert, supra. However, the preponderance of the evidence is against the Veteran's claim. As such, that doctrine is not applicable in the instant appeal and his claim must be denied.


ORDER

Service connection for sleep apnea is denied.



____________________________________________
Shane A. Durkin
Veterans Law Judge, Board of Veterans' Appeals

Department of Veterans Affairs